UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

GWENDOLYN A. ATKINS  *
                                                  *      CIVIL ACTION NO: 11-00047-RET-DLD
VERSUS  *
                                                  *      JUDGE RALPH E. TYSON
SOUTHEAST COMMUNITY  *
HEALTH SYSTEMS  *      MAGISTRATE DOCIA L. DALBY
                                                  *
* * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STAY

**NOW INTO COURT**, through undersigned counsel, comes defendant, Southeast Community Health Systems ("SCHS") and hereby submits this *Memorandum in Opposition to Plaintiff's Motion to Stay*. For the reasons below, SCHS requests that the Court deny plaintiff's *Motion to Stay*.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was initially hired by SCHS as a receptionist/clerk on July 24, 1996. On March 14, 2008, SCHS terminated plaintiff's employment for misuse of a prescription drug program for indigent patients. Plaintiff thereafter filed an EEOC charge for race discrimination ("First EEOC Charge"). The parties negotiated a settlement of the First EEOC Charge which included plaintiff's reinstatement, among other items. The First EEOC Charge was closed on May 23, 2008, and plaintiff was reinstated to her employment.

In the fall of 2009, plaintiff was transferred to a new location. At or around the same time, she filed a second EEOC charge ("Second EEOC Charge"), alleging race discrimination and retaliation, and an internal grievance with SCHS.

On May 20, 2010, SCHS terminated plaintiff's employment for the second, and final, time. In its termination documentation, SCHS stated that plaintiff was being terminated for providing medication to patients without sound documentation and clearance by a medical provider, and for working outside the scope of her assigned duties and responsibilities.

On January 28, 2011, plaintiff filed the instant lawsuit. On February 8, 2011, plaintiff was arrested for eight counts of obtaining prescription medication by fraud.

On November 10, 2011, defendant served plaintiff with discovery requests in the instant case. To date, plaintiff has not responded to defendant's discovery requests, via objection or otherwise.

Plaintiff filed a *Motion to Stay* these proceedings on December 14, 2011. Both parties filed a *Consent Motion for Extension of Discovery Deadlines* on December 20, 2011. On December 23, 2011, the court entered an Order staying all pending deadlines in this case pending the resolution of the *Motion to Stay*, and denying the *Motion for Extension* as moot. Although defendant had previously noticed the deposition of plaintiff, both parties have agreed to postpone the pending deposition until the Court rules on the *Motion to Stay*.

## II.    LAW AND ARGUMENT

### A. *Plaintiff's Motion to Stay is Premature Because Plaintiff Has Not Yet Invoked Her Fifth Amendment Privilege.*

In her *Memorandum in Support of Plaintiff's Motion to Stay Proceedings Pending Resolution of a State Criminal Proceeding*, plaintiff argues: "If the plaintiff has to testify at a deposition or in a trial in this case, the plaintiff does have the right to invoke the 5th Amendment privilege against self-incrimination. If that occurs, the invocation of the 5th Amendment right could be used against her in a motion for summary judgment." Plaintiff apparently argues that

her Fifth Amendment right entitles her to avoid even appearing for deposition or responding to written discovery (even if by objection), at least until the criminal proceeding is resolved. In so doing, plaintiff effectively seeks to make a blanket invocation of her Fifth Amendment right as to any area of inquiry whatsoever, without specifically identifying which questions and/or areas of inquiry she deems to be privileged. *See United States v. Little Al,* 712 F.2d 133 (5th Cir. 1983) (upholding the denial of a Rule 56(f) continuance based on general, blanket assertion of Fifth Amendment privilege).

The Fifth Circuit has noted that "a blanket invocation of the fifth amendment privilege is insufficient to relieve a civil litigant of the responsibility to answer questions put to him during the civil discovery process and to claim the privilege with respect to each inquiry." *S.E.C. v. First Financial Group,* 659 F.2d 660, 669 (5th Cir. 1981) (citations omitted). Rather, even when the risk of self-incrimination is great, a party's remedy is not to voice a blanket refusal to present records or testify; instead, "he must present himself with his records for questioning, and as to each question and each record elect to raise or not to raise the defense." *United States v. Roundtree,* 420 F.2d 845, 852 (5th Cir. 1969).

This requirement ensures that the Court, not the party, is able to decide the applicability of the privilege. "A party is not entitled to decide for himself whether he is protected by the Fifth Amendment privilege. Rather, this question is for the court to decide after conducting 'a particularized inquiry, deciding, in connection with each specific area that the questioning party seeks to explore, whether or not the privilege is well-founded.'" *S.E.C.,* 659 F.2d 660, 668, citing *United States v. Melchor Moreno,* 536 F.2d 1042, 1049 (5th Cir. 1976).

In the case at bar, plaintiff has failed to respond to any outstanding written discovery at all, and now seeks to avoid even an appearance at her deposition via her *Motion to Stay*, all based simply on the argument that she *could* invoke her Fifth Amendment rights at deposition.  In so doing, plaintiff seeks to avoid submitting herself for questioning as to a number of topics which would not be covered by her Fifth Amendment privilege, and further seeks to avoid any identification of the specific questions or areas of inquiry which she claims are privileged.  Until and unless plaintiff submits herself and her records for questioning, and specifically identifies those areas of inquiry which she maintains are privileged, her *Motion to Stay* is premature.

> B. *Plaintiff's Motion to Stay Should Be Denied Based on a Balancing of All Relevant Factors.*

A district court may stay a civil action pending the resolution of a related criminal proceeding only under "special circumstances".  *S.E.C.,* 659 F.2d 660, 668; *Lodge v. Boyd,* 2011 WL 4727863 (E.D. La. 2011).  In such instances, courts rely on a six-factor balancing test as follows, comprised of the following components:  (1) the extent to which the issues in the criminal case overlap with those in the civil case; (2) the status of the criminal case; (3) the interest of the plaintiff in proceeding expeditiously with civil litigation; (4) the interest of and burden on the defendant; (5) the interest of the courts; and (6) the public interest.  *LeBouef v. Global X-Ray,* 2008 WL 239752 (E.D. La. 2008); *cf. Lodge,* 2011 WL 4727863 at *2 (combining the fifth and sixth factors); *Capdeboscq v. Francis,* 2003 WL 22174268 at *1 - *2 (E.D. La. 2003) (listing only the first four factors).  Based on the balancing of those factors as outlined below, plaintiff's *Motion to Stay* should be denied.

> 1. *The issues in the criminal and civil cases do not overlap sufficiently so as to require a stay at this juncture of the proceedings.*

In the criminal proceeding, plaintiff currently has pending eight counts of possession of a controlled substance by fraud, arising from acts performed during her employment with SCHS. In the civil litigation against SCHS, plaintiff makes the following claims of retaliation under Title VII:

> (a) Plaintiff claims that certain terms of the settlement agreement of the First EEOC Charge were not carried out as she expected.
>
> (b) Plaintiff claims that she subsequently filed the Second EEOC Charge and an internal grievance with SCHS, and that SCHS did not resolve the grievance.
>
> (c) Plaintiff claims that SCHS transferred her to a second jobsite, resulting in a loss of benefits for her.
>
> (d) Plaintiff claims that she was terminated while the Second EEOC Charge was still pending.

Of the above claims, only one – plaintiff's termination claim – bears any relationship to the subject matter of her pending criminal charges. As plaintiff is aware, SCHS does fully intend to argue that plaintiff was terminated for legitimate, non-discriminatory and non-retaliatory reasons, in part for issuing prescriptions to patients without sound documentation or clearance by a medical provider. Discovery as to plaintiff's termination claim may therefore overlap to some degree with the substance of the criminal charges.

However, plaintiff's other claims – that her EEOC settlement was not effectuated, that her grievance was not resolved, and that her transfer resulted in a loss of benefits to her – do not overlap with the pending criminal charges. Further, defendant additionally is entitled to discovery with respect to damages issues, which also bear no relationship to her criminal

charges. Despite the many areas in which discovery could appropriately proceed without intruding on the subject matter of the criminal proceeding, plaintiff seeks a full stay of the entire civil proceeding. Such a stay is not appropriate where, as here, the subject matter of the civil and criminal proceedings do not entirely overlap. Instead, discovery should be allowed to proceed, and plaintiff should specifically invoke the Fifth Amendment privilege as to those areas which she deems to be privileged.

      2.   *The status of the criminal proceedings weigh against a stay.*

Currently, according to plaintiff's *Motion to Stay*, plaintiff has no trial date in the criminal proceedings. Plaintiff was arrested almost a year ago, and the matter is set for a rescheduled hearing of pretrial motions next month. Thus, no end date has been provided, and there is no indication as to when any open-ended stay of the civil proceeding might end. Indeed, this case could be delayed for a matter of years before the stay is lifted. Given the lack of a criminal trial date, the status of the criminal proceedings weighs against the granting of plaintiff's *Motion to Stay*, at least at this juncture of the proceeding.

      3.   *Plaintiff's interests can be preserved without the extreme remedy of indefinitely staying the entire civil proceeding, and plaintiff's interests therefore do not weigh in favor of a stay.*

While ordinarily the plaintiff's interest in proceeding expeditiously would weigh against granting a *Motion to Stay*, as the party who seeks to delay these proceedings, plaintiff has effectively waived this argument. Instead, plaintiff argues that her interests can only be preserved by granting a full stay of the civil proceeding.

However, although plaintiff starkly presents her options as essentially a choice between her silence and her lawsuit, this is not the case. At this juncture, plaintiff has not even invoked

the Fifth Amendment, and SCHS has not filed any Motion for Summary Judgment at all; SCHS has certainly not therefore sought any adverse inferences from plaintiff's silence.  Thus, less drastic alternatives than an indefinite stay are available to this Court.  Specifically, the Court could allow discovery to proceed, requiring the plaintiff to both respond to written discovery and to appear for deposition.  In both cases, plaintiff should be required to specifically object to those areas of inquiry she maintains are protected by her Fifth Amendment privilege.  Thereafter, the parties and the Court may re-evaluate the status of both this case and the criminal proceeding, and a stay may be sought at that time if necessary and appropriate.  Because this available, less drastic remedy fully preserves plaintiff's Fifth Amendment rights, the plaintiff's interest does not weigh in favor of granting the *Motion to Stay*.

    *4.  The significant burden on and prejudice to SCHS weighs against granting a stay.*

  An indefinite stay of the proceedings, which could extend for years into the future, clearly will result in significant prejudice to SCHS.  The continued passage of time will affect the accuracy of witness testimony, the ability to locate witnesses, and available documents (particularly if those documents are not in the custody of SCHS).  In this case, many potentially relevant documents are currently maintained by third parties (either physically, or on web-based servers), particularly drug companies and pharmacies.  If a multi-month or multi-year stay ensues at this point, many of those documents will no longer exist once the stay is lifted.  Indeed, if discovery and trial proceeded without delay in this case, defendant would be able to present overwhelming evidence as to its legitimate, non-discriminatory reasons for termination, and it should not be forced to lose that information based on the delay sought by plaintiff.

Further, upon information and belief, plaintiff has repeatedly agreed to the delay of her criminal proceedings, to which SCHS is obviously not a party.[1] If awarded an indefinite stay of her civil case, plaintiff can continue to seek delays in her criminal case – simultaneously extending the indefinite stay the instant case – and thereby weaken the ability of SCHS to present its defenses. As the Fifth Circuit has noted, "The plaintiff who retreats under the cloak of the Fifth Amendment cannot hope to gain an unequal advantage against the party [she] has chosen to sue. To hold otherwise would, in terms of the customary metaphor, enable plaintiff to use [her] Fifth Amendment shield as a sword. This [she] cannot do." *Wehling v. Columbia Broadcasting System,* 608 F. 2d 1084, 1087 (5th Cir. 1979). Because granting the *Motion to Stay* at this juncture could result in granting plaintiff an unequal advantage, the risk of prejudice to defendant weighs strongly against a stay.

> 5. *The interest of the courts weighs against a stay.*

As noted above, there is currently no trial date set in the criminal proceeding. As a result, the granting of plaintiff's *Motion to Stay* will result in an open-ended, indefinite stay of proceedings, leaving this matter open on the Court's docket certainly for many months, and potentially for years. Clearly, the Court's interest in judicial efficiency weighs strongly against the blanket granting of a *Motion to Stay* at this premature stage.

> 6. *The public interest is at most a neutral factor in the decision as to whether to stay the case.*

Because societal needs can best be served through a criminal action, it is likely that the public interest here will not be impacted either way by a stay. *See LeBouef,* 2008 WL 239752 at

---

[1] Based on the disclosures of plaintiff's counsel, it is defendant's understanding that plaintiff and the District Attorney have agreed to continue the hearing of various pretrial motions on several prior occasions.

8

*2, citing *Shell Offshore Inc. v. Courtney,* 2006 WL 1968926 (E.D. La. 2006).  Thus, the interest of the public does not weigh in favor of granting the *Motion to Stay*.

### III.     CONCLUSION

In the case at bar, plaintiff has couched her choice starkly:  she states that she may either invoke her Fifth Amendment right at deposition and have that right used against her at summary judgment, or she may testify freely and have that testimony used against her at her criminal trial.  Plaintiff has failed to identify the most appropriate option pursuant to established case law:  plaintiff may present herself and her records for examination, and specifically identify by objection those questions and areas of inquiry that she deems to be privileged.  By instead seeking a full stay of proceedings, plaintiff effectively seeks to avoid her duty to identify the matters which are the subject of her Fifth Amendment privilege, and her *Motion to Stay* should be denied on that ground.

Further, the balancing of interests outlined above clearly weighs in favor of denying the *Motion to Stay*, at least at the current stage of the proceeding.  Other measures less drastic than a full stay of the proceedings can adequately and fully protect the respective interests of both plaintiff and defendant.  For these reasons, defendant SCHS respectfully requests that plaintiff's *Motion to Stay* be DENIED.

Respectfully submitted:

PERAGINE & LORIO, L.L.C.

*/s/ Christa Hayes Forrester*
Alex J. Peragine (La. Bar No. 19097)
Christa H. Forrester (La. Bar No. 33133)
527 East Boston St., Ste. 201
Covington, LA 70433
Telephone: (985) 292-3500
Facsimile: (985) 292-3501
E-mail: alex@plalaw.com
christie@plalaw.com

Counsel for *Defendant*,
*Southeast Community Health Systems*

## CERTIFICATE OF SERVICE

I certify that on the 9th day of January, 2012, a copy of the above and foregoing *Memorandum in Opposition to Plaintiff's Motion to Stay* was filed with the clerk of court using the CM/ECF system. Notice of this filing will be served upon all parties by operation of the Court's electronic filing system.

*/s/ Christa Hayes Forrester*