## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| GWENDOLYN A. ATKINS | CIVIL ACTION |
|---|---|
| VERSUS | NUMBER 11-47-DLD |
| SOUTHEAST COMMUNITY HEALTH SYSTEMS | CONSENT CASE |

### ORDER

This consent case is before the court on plaintiff's motion to stay this wrongful termination action pending the outcome of a related criminal action pending in Louisiana state court (rec. doc. 16). The motion is opposed. (rec. doc. 19).

### Background

Plaintiff worked on and off for defendant Southeast Community Health Systems (SECHS) as an administrative assistant from July 26, 1996 until May 20, 2010 (rec. doc. 1). While working for defendant, plaintiff filed two EEOC charges and an internal grievance concerning certain actions which occurred in the workplace that plaintiff alleged to be discriminatory. While plaintiff's second charge of discrimination was still pending before the EEOC, defendant terminated plaintiff's employment. Id. On January 26, 2011, plaintiff filed suit against defendant alleging that defendant wrongfully terminated her in retaliation for having filed a charge of discrimination with the EEOC.

On April 26, 2011, the State of Louisiana instituted criminal proceedings in the 21st Judicial District Court, St. Helena Parish, State of Louisiana, Docket Number 18950, against plaintiff Atkins for eight counts of possession of a controlled dangerous substance in violation of La. R.S. 40:971(B) *Possession of a Controlled Dangerous Substance by Fraud* (rec. doc. 16-1, Exhibit 1). Plaintiff alleges that the criminal charges are based on

information provided by affidavits of SECH's Medical Director and CEO, which state that plaintiff was prescribing medications, particularly for erectile dysfunction, to patients, including family members, without authorization (rec. doc. 16-1).

The civil action is set for trial on December 11, 2012. The criminal action has pretrial motions scheduled for February 24, 2012, but the action has not been set for trial (rec. doc. 16, Exhibit 4).

Plaintiff moves to stay the civil action pending the outcome of the criminal action arguing that she can only prevail in the civil action if she has a bona fide termination of the criminal action in her favor. Plaintiff's primary concern is that invoking her Fifth Amendment privilege against self-incrimination during discovery in the civil action may be used against her in a motion for summary judgment or, alternatively, that her testimony in the civil action may be used against her in the criminal action (rec. doc. 16). Defendant opposes the motion to stay by arguing that the six factors that the court considers when determining whether a stay should be granted do not weigh in favor of a stay, most persuasive of which is that the mere existence of a related criminal proceeding does not support an automatic stay of the civil litigation. Defendant urges the court to deny the motion for stay and to require plaintiff to answer discovery that is unrelated to the criminal action and to raise her Fifth Amendment privilege in response to specific discovery inquiries that might result in self-incrimination.

**Discussion**

A district court may stay a civil action pending the resolution of a related criminal proceeding under "special circumstances" to prevent a party from suffering substantial and irreparable prejudice. See Lodge v. Boyd, 2011 WL 4727863 (E.D. La. 2011), citing

*LeBouef v. Global X-Ray,* 2008 WL 239752, at *2 (E.D. La. 2008), citing *S.E.C. v. First Financial Group,* 659 F.2d 660, 668 (5th Cir. 1981). The court considers the following factors when considering whether the civil action should be stayed: (1) the extent to which the issues in the criminal and civil cases overlap; (2) the status of the case, including whether the defendant has been indicted; (3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to the plaintiff caused by a delay; (4) the private interest of and burden on the defendant; (5) the interest of the court; and (6) the public interest. Id.

The overriding consideration which weighs in favor of staying this action is the similarity of the issues underlying the civil and criminal actions. The civil action involves issues regarding plaintiff's employment history with defendant and the events giving rise to plaintiff's termination. The criminal action involves charges that plaintiff obtained prescription medications without authorization while employed by defendant SECHS. Defendant admits that it intends to argue that plaintiff "was terminated for a legitimate, non-discriminatory and non-retaliatory reason, in part for issuing prescriptions to patients without sound documentation or clearance by a medical provider," in an effort to satisfy its burden of proof in the civil action (rec. doc. 19). See *Smith v. Xerox Corp.*, 602 F.3d 320, 329-330 (5th Cir. 2010).[1] In order to meet her burden of proof on her retaliatory discharge

---

[1] If plaintiff establishes a prima facie case of retaliation, the defendant must come forward with a legitimate, non-discriminatory reason for its adverse employment action. After the defendant advances its reason, the focus become whether the employer retaliated against the employee because she engaged in a protected activity, which is the ultimate issue in a retaliation case. A plaintiff can satisfy her burden by proving that the adverse employment activity would not have occurred "but for" the protected activity or by showing that the protected activity was a "motivating factor" in the employer's adverse employment decision. See *Smith v. Xerox Corporation*, 602 F.3d 320 (5th Cir. 2010); *Corley v. Louisiana ex rel. Div. of Admin.*, 2011 WL 4072569 (M.D. La. 2011).

claim, plaintiff will have to address defendant's proffered non-retaliatory reason for discharge - that plaintiff was terminated because she was issuing prescriptions to patients without sound documentation by a medical provider. Thus, the issues overlap sufficiently to support plaintiff's interest in invoking her Fifth Amendment privilege against self-incrimination.

The remaining factors also weigh in favor of staying this matter. Criminal charges have been brought against plaintiff in a Louisiana state court; therefore, plaintiff's concerns about self-incrimination are not based on a fear of or a threat of criminal prosecution. Plaintiff is seeking the motion for stay; therefore, plaintiff waives her interest in proceeding expeditiously in this matter. The court recognizes defendant's concern that a lengthy stay might affect the availability of witnesses or documents in the custody of third parties.[2] Permitting such inconvenience, however, is necessary to allow plaintiff to exercise her constitutionally protected Fifth Amendment privilege against self-incrimination. The court has the ability to fashion an appropriate remedy after the stay is lifted if it appears that postponing discovery has deprived defendant of information necessary to its defense. The interests of the court are neutral as the court has an interest in moving its docket, but it has an equal interest in ensuring that the rights of its litigants are protected. Additionally, the resolution of the criminal action very well may simultaneously result in the resolution of the criminal action. Finally, the public interest is protected through the criminal action, which will proceed separately, regardless of whether the civil action is stayed.

---

[2] The parties previously represented that "the primary items left for discovery are depositions of plaintiff and certain defense witnesses" (rec. doc. 17). Defendant is encouraged to take whatever steps necessary to preserve its own records and documents during the stay of this matter.

Considering all of the applicable factors, the court finds that plaintiff's motion for a stay should be granted at this time. Accordingly,

**IT IS ORDERED** that plaintiff's motion for stay (rec. doc. 16) is **GRANTED**.

**IT IS ORDERED** that this matter is **STAYED** until the criminal charges pending against plaintiff in the 21st Judicial District Court, Parish of St. Helena, State of Louisiana, have been resolved. The parties shall contact the court at **(225) 389-3602** when all criminal charges have been resolved.

Signed in Baton Rouge, Louisiana, on February 3, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**