UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GWENDOLYN A. ATKINS                                    CIVIL ACTION

VERSUS

SOUTHEAST COMMUNITY
HEALTH SYSTEMS                              NO.: 11-00047-BAJ-RLB

RULING AND ORDER

Before the Court is Defendant Joseph Freeman's **Motion to Dismiss Counts Two and Three of First Amended Complaint (Doc. 56)**. The motion is opposed. (Doc. 58). After careful review of the pleadings, arguments of the parties, and applicable law, the motion is **GRANTED.**

I.     **Background and Procedural History**

On January 26, 2011, Gwendolyn A. Atkins ("Plaintiff") filed a Complaint against Southeast Community Health Systems ("Southeast"). (Doc. 1). Plaintiff asserts that she began working as an administrative assistant for Southeast beginning on or about July 22, 1996, and was fired on March 14, 2008. (*Id*. at ¶¶ 6—7). Plaintiff further asserts that she filed an EEOC charge of discrimination, and withdrew the charge after she was rehired by Southeast on May 12, 2008. (*Id*. at ¶¶ 8—11). Plaintiff avers that she filed a second charge of discrimination on February 25, 2009. (*Id*. at ¶ 14). Plaintiff was fired again on May 20, 2010. (*Id*. at ¶ 18). Based on these assertions, Plaintiff claims that Southeast violated Title VII of the Civil

Rights Act of 1964, by retaliating against her for having filed a charge of discrimination with the EEOC. (*Id.* at ¶ 19).

On December 14, 2011, Plaintiff filed a motion to stay and administratively close this matter pending the resolution of a state criminal proceeding that was initiated against her on April 11, 2011, in the 21st Judicial District Court, St. Helena Parish, Louisiana, Docket Number 18950. (Doc. 16).  In support of this motion, Plaintiff indicates that "in response to a motion for discovery" in the criminal proceeding, she learned that "on or about May 21, 2010, Dr. Joseph Freeman, who was at the time the Medical Director of [Southeast] . . . in an undated written statement under oath declared that plaintiff . . . was prescribing medications particularly for erectile dysfunction to many patients including family members." (Doc. 16-1 at p. 3) (emphasis removed).  Plaintiff attached a copy of the affidavit to her motion to stay.  (Doc. 16-4, "Freeman Affidavit").

On February 3, 2012, the United States Magistrate Judge granted the motion to stay, and stayed the proceeding until the pending criminal charges against Plaintiff had been resolved. (Doc. 23).  On October 8, 2014, Plaintiff filed a motion to reopen the case on the basis that the criminal proceedings against her had terminated in her favor, (Doc. 26), which the Magistrate Judge granted on November 17, 2014, (Doc. 27). Plaintiff filed a motion for leave to file her First Amended Complaint on March 19, 2015. (Doc. 34).  On April 15, 2015, the Magistrate Judge granted Plaintiff's unopposed motion for leave to amend, (Doc. 37), and Plaintiff's First Amended Complaint was entered into the record that same day, (Doc. 38).

Through the First Amended Complaint, Plaintiff named Dr. Freeman and Selena Senegal as additional defendants employed by Southeast at all times relevant to this proceeding. (Doc. 38 at ¶ 5). Plaintiff included new allegations related to her arrest and the criminal charges and proceedings brought against her. (*Id.* at ¶¶ 22—32). Plaintiff asserts that Dr. Freeman and Ms. Senegal signed affidavits accusing her of improperly prescribing erectile dysfunction medication to patients, including family members (*Id.* at ¶ 33), and this led to the criminal charges instituted against her, (*Id.* at ¶ 32). Specifically, Plaintiff asserts that the affidavit signed by Dr. Freeman states, in pertinent part, the following:

> [Plaintiff] was prescribing medications particularly for erectile dysfunction to many patients including family members. Some people were prescribed as many as three prescriptions for erectile dysfunction at the same time. This appears to have been going on for some time.

(*Id.* at ¶ 33).[1] Plaintiff further asserts that this allegation was made solely for the purpose of discrediting her and defeating her EEOC charge, which cost Plaintiff her job, caused her to be charged with a crime, and caused her to be discredited in the community. (*Id.* at ¶ 36).

Because they are relevant to the analysis set forth *infra*, the Court briefly summarizes the criminal proceedings brought against Plaintiff. On February 8, 2011 (approximately two weeks after Plaintiff initiated this lawsuit), Plaintiff was arrested by an employee of the Louisiana State Police for possession of controlled dangerous substances. (*Id* at ¶ 22). On April 11, 2011, the State of Louisiana instituted a criminal prosecution in the 21st Judicial District Court, Saint Helena Parish, Docket

---

[1] This allegation correctly quotes the Freeman Affidavit.

Number 18950. (*Id.* at ¶ 23). In the bill of information, the State accused Plaintiff of eight counts of possession of controlled dangerous substances (either Cialis or Viagra) in violation of La. R.S. § 40:971.B. (*Id.* at ¶ 23). Plaintiff filed a motion to quash the information on the grounds that Cialis and Viagra are not controlled dangerous substances as defined by La. R.S. § 40:961 *et seq.* (*Id.* at ¶ 24). On May 8, 2012, the State filed a motion to dismiss in docket number 18950. (*Id.* at ¶ 24).

On May 7, 2012, the State instituted a second criminal prosecution in the 21st Judicial District Court, Saint Helena Parish, Docket Number 19735. (*Id.* at ¶ 25). In the bill of information, the State accused Plaintiff of eight counts of obtaining legend drugs[2] by misrepresentation or fraud in violation of La. R.S. § 40:1238.3. (*Id.* at ¶ 25). On March 4, 2013, the date the trial by jury was scheduled to commence, the State *nolle prossed* the charges. (*Id.* at ¶ 26).

Plaintiff then submitted a public records request to the District Attorney for a complete copy of the District Attorney's file. (*Id.* at ¶ 27). On April 10, 2013, the District Attorney denied the request and stated "the matter remains active, and due to information received since March 4, 2013, it is likely that the same, similar or additional charges . . . will be forthcoming." (*Id.* at ¶ 27). On October 18, 2013, the state court held a hearing in which the State stipulated on the record that the matter was dismissed and that there are no charges pending against Plaintiff. (*Id.* at ¶ 28).

---

[2] "Legend drug" means any drug or drug product bearing on the label of the manufacturer or distributor, as required by the Federal Food and Drug Administration, the statement "Caution: Federal law prohibits dispensing without prescription". LA. REV. STAT. ANN. § 40:961.

4

Plaintiff made a second public records request to the District Attorney. (*Id.* at ¶ 29).  In a letter dated December 2, 2013, the District Attorney again denied the public records request and stated: "We are currently considering whether to file additional criminal charges against [Plaintiff]...." (*Id.* at ¶ 29).  On June 20, 2014, at another state court hearing, the State stipulated on the record that prescription had run on the charges, and they cannot be rebilled. (*Id.* at ¶ 31); (Doc. 26-1 at p. 4).

On August 21, 2015, Dr. Freeman filed the instant Motion to Dismiss. (Doc. 56).  He first argues that Plaintiff's malicious prosecution and defamation claims brought against him should be dismissed on the grounds that they are subject to the one-year prescriptive period provided by Louisiana Civil Code article 2492. (Doc. 56-1 at pp. 3—4).  Dr. Freeman argues that Plaintiff's malicious prosecution claim began to run when the final criminal charges were dismissed (*nolle prossed*) on March 4, 2013, and were untimely raised in the First Amended Complaint. (Doc. 56-1 at p. 4).  Dr. Freeman similarly argues that Plaintiff's defamation claim has prescribed, as Plaintiff was first made aware of the alleged defamation on February 8, 2011, the date of her arrest. (*Id.*).  Dr. Freeman also argues that Plaintiff's defamation claims should be dismissed on the basis that Dr. Freeman's statements to the police make him "an adverse witness in a quasi-judicial proceeding" and he is, therefore, entitled to an absolute immunity from defamation claims with regard to those statements. (*Id.* at p. 5).

In Opposition, Plaintiff first argues that her cause of action for malicious prosecution did not arise until the criminal proceeding was terminated in her favor,

which she argues occurred on June 20, 2014, when the State stipulated that prescription had run on the charges and they could not be rebilled. (Doc. 58 at p. 2). Plaintiff makes no specific substantive argument regarding when her defamation claims began to accrue.  Plaintiff does argue, however, that the time period for filing her defamation claim and malicious prosecution claim were interrupted by the filing of the original Complaint pursuant to Louisiana Civil Code article 3462, and otherwise relate back to the filing of her original Complaint on January 26, 2011, pursuant to Rule 15(c) of the Federal Rules of Civil Procedure. (Doc. 58 at p. 3). Finally, Plaintiff argues that because he was allegedly actively involved in orchestrating and producing the defamatory statements at issue, Dr. Freeman does not have absolute immunity from the defamation claim. (*Id*. at pp. 4—7).

## II.    Law and Analysis

### A.    Legal Standard for Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In order to survive a Rule 12(b)(6) motion, a pleading's language, on its face, must demonstrate that there exists plausibility for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  In determining whether it is plausible that a pleader is entitled

6

to relief, a court does not assume the truth of conclusory statements, but rather looks for facts which support the elements of the pleader's claim. *Twombly*, 550 U.S. at 557. Factual assertions are presumed to be true, but "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" alone are not enough to withstand a 12(b)(6) motion. *Iqbal*, 556 U.S. at 678.

In considering a motion for failure to state a claim upon which relief can be granted, a court must typically limit itself to the contents of the pleadings, including their attachments. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). A court may consider documents attached to a motion to dismiss if such documents are referenced in the plaintiff's complaint and are central to the plaintiff's claim. *Scanlan v. Texas A & M Univ.*, 343 F.3d 533, 536 (5th Cir.2003) (citing *Collins*, 224 F.3d 498-99). Whether to consider documents outside of the pleadings is left to the "complete discretion" of the trial court. *Isquith ex rel. Isquith v. Middle South Utils. Inc.*, 847 F.2d 186, 196 n. 3 (5th Cir. 1988). If a court decides to consider matters outside of the pleadings, the motion to dismiss must be treated as a motion for summary judgment. Fed. R. Civ. P. 12(d). Summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

**B.    Plaintiff's Malicious Prosecution Claim against Dr. Freeman**

The elements of the tort of malicious prosecution under Louisiana law are as follows:

7

(1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff.

*Jones v. Soileau*, 448 So. 2d 1268, 1271 (La. 1984).  The Louisiana Supreme Court recently determined that a *nolle prosse* dismissal by the district attorney pursuant to Louisiana Civil Criminal Procedure article 691 constitutes a "bona fide termination" in favor of the plaintiff so long as the circumstances for entering into the *nolle prosse* are consistent with a conclusion that there was a "lack of reasonable grounds for pursuing the criminal prosecution." *Lemoine v. Wolfe*, 168 So.3d 362, 372—73 and n.19 (La. 2015).  The dismissal of a suit on the basis of prescription is not a bona fide termination for purposes of a subsequent action for malicious prosecution.  *Id*. at 368—69 (citing *Milling, Benson, Woodward, Hillyer, Pierson and Miller, L.L.P., v. American Marine Holding Co.*, 729 So.2d 139, 142 (La. App. 4th Cir. 1999)).

Dr. Freeman seeks dismissal of Plaintiff's malicious prosecution claim on the basis that it is time-barred.  Malicious prosecution is a delictual claim, and is therefore subject to a one-year prescriptive period pursuant to Louisiana Civil Code article 3292. *Warren v. Board of Sup'rs of Louisiana State University*, 168 So.3d 436, 438 (La. App. 1st Cir. 2014).  The Louisiana Supreme Court has stated that the liberative prescriptive period for a malicious prosecution claim arises "on the termination of the prosecution favorably to plaintiff." *De Bouchel v. Koss Const. Co., Inc.*, 177 La. 841, 848 (1933) (termination of prosecution by acquittal of defendant triggered the one-year prescriptive period); *see also Murray v. Town of Mansura*, 940

So. 2d 832 (La. App. 3rd Cir. 2006) (dismissal of charges for disturbing the peace and/or flight from an officer triggered the one-year prescriptive period). While similar to the merits-based requirement that there must be a "bona fide" termination in favor of the plaintiff to succeed on the malicious prosecution claim, the inquiry with regard to prescription is limited to a determination of whether the prosecution terminated in favor of the plaintiff at all.

In the instant action, Plaintiff was arrested on February 8, 2011. The State initiated a criminal proceeding on April 11, 2011, for eight counts of possession of controlled dangerous substances. After Plaintiff filed a motion to quash the bill of information on the grounds that Cialis and Viagra are not controlled dangerous substances, the State of Louisiana filed a motion to dismiss on May 8, 2012. One day earlier, on May 7, 2012, the State initiated a second criminal proceeding against Plaintiff for eight counts of obtaining legend drugs by misrepresentation and fraud. On March 4, 2013, on the date of trial by jury, the State *nolle prossed* this second charge.

Dr. Freeman claims that prescription on the malicious prosecution claim began to run on March 4, 2013, the date when criminal charges against Plaintiff were dismissed. (Doc. 56-1 at p. 3). Plaintiff claims that the prescription on her malicious prosecution claim began to run on June 20, 2014, when the State finally and unequivocally stipulated on the record that the prescriptive period had run out on the charges against Plaintiff and they could not be rebilled. (Doc. 58 at p. 2).

The Court agrees with Dr. Freeman.  The first prosecution against Plaintiff terminated in favor of Plaintiff when it was dismissed.  *See De Bouchel*, 177 La. 841; *Murray*, 940 So. 2d at 838.  Similarly, the *nolle prosse* of the second prosecution is a termination in favor of Plaintiff.  This conclusion is consistent with the Louisiana Supreme Court's recent decision holding that where a prosecution is *nolle prossed*, it may, given the facts underlying the dismissal, constitute a "bona fide termination" in favor of the plaintiff.  *Lemoine*, 168 So.3d at 373 and n.19.  Accordingly, Plaintiff's claim for malicious prosecution began to accrue on March 4, 2013, and had to be filed within one year of that date.[3]

Plaintiff argues that her malicious prosecution claim, which concerns events that arose after the filing of Plaintiff's original Complaint on January 26, 2011, is not time-barred because it relates back to the original Complaint.  A new claim raised in an amended pleading only relates back to the original pleading when the new claim "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(2).  Relation back is applied liberally in the federal courts, but nonetheless the amended complaint must refer to "the same transaction or occurrence that formed the basis for the original complaint

---

[3] At least one appellate court in Louisiana has concluded that where an individual is arrested and charged with a crime, but <u>not prosecuted</u> by the district attorney, a "malicious prosecution" claim arises after the "prosecution" is terminated and abandoned in light of the applicable statutory period for prosecuting the charged crime. *Warren*, 168 So.3d at 439 (malicious prosecution claim was untimely when filed more than year after the expiration of the six-year period for prosecution of charges for possession of pornography involving juveniles).  That decision is distinguishable because Plaintiff in this action was actually prosecuted by the district attorney, and those prosecutions resulted in a dismissal and *nolle prosse*, respectively.

and the defendant was put on notice of the claim by the first complaint." *Williams v. United States*, 405 F.2d 234, 237 (1968).

Plaintiff's original complaint raises a Title VII claim, alleging that her employer fired her for filing a discrimination claim with the EEOC. (Doc. 1 at p. 5). The original Complaint makes no mention of Dr. Freeman's interactions with the police, Plaintiff's arrest, and her subsequent prosecution.  Indeed, those events occurred after the filing of this lawsuit and could not have been set out in the original Complaint.  Furthermore, the original Complaint makes no mention of the conduct for which Plaintiff was charged in criminal proceedings—namely her alleged acquisition and possession of Cialis or Viagra in violation of Louisiana law.  The original Complaint merely discusses Plaintiff's alleged Title VII claims without providing any context that would remotely relate to the later-added defamation and malicious prosecution claims.[4]  Furthermore, the filing of the original Complaint, which occurred *prior* to the alleged factual underpinnings concerning Plaintiff's malicious prosecution and defamation claims (i.e., her arrest and notice of the Freeman Affidavit), did not interrupt prescription regarding those claims pursuant to Louisiana Civil Code article 3462. *See Cichirillo v. Avondale Industries, Inc.*, 917 So.2d 424, 431 (La. 2005) ("Although LSA-C.C. art. 3462 is silent as to *when* a lawsuit must be filed in order to interrupt prescription, it would be illogical to expand that

---

[4] This is not a case where the plaintiff's original pleading raised a claim for false imprisonment and false arrest related to a shoplifting charge, and later added a malicious prosecution claim that related back to the original pleading.  *See, e.g., Lyon v. Fred's, Inc.*, 971 F. Supp. 239, 240 (N.D. Miss. 1997) *aff'd*, 176 F.3d 478 (5th Cir. 1999).

article's provision to allow interruption of prescription by a lawsuit filed prior to the time the plaintiff's claim has become actionable.") (emphasis original).

For the foregoing reasons, the Court concludes that Plaintiff's malicious prosecution claim against Dr. Freeman is time-barred, and must therefore be dismissed.

### C.    Plaintiff's Defamation Claim against Dr. Freeman

"To prevail in an action for defamation, the plaintiff must prove: defamatory words, publication, falsity, malice (actual or implied), and resulting injury." *Clark v. Wilcox*, 928 So. 2d 104, 111 (La. App. 1st Cir. 2005). Defamation is a delictual claim, and therefore is subject to a one-year prescriptive period pursuant to Louisiana Civil Code article 3292. *Id.* at 112. Prescription on defamation claims begin to run once the plaintiff becomes aware of the damage-causing publication. *Id.*

Dr. Freeman claims that prescription for the defamation claim began to run on February 8, 2011, the date when Plaintiff was first arrested and should have known of the alleged defamatory statements in Dr. Freeman's affidavit. (Doc. 56-1 at p. 4). The face of the pleadings does not demonstrate the time in which Plaintiff was made aware of the allegedly defamatory publication. Plaintiff does not admit that she knew of the alleged defamatory statements at the time of her arrest. Accordingly, the Court will not assume that Plaintiff was made aware of the Freeman Affidavit at the time of her arrest based solely on Dr. Freeman's assertion.

It is clear from the record, however, that as early as December 14, 2011, Plaintiff had possession of a copy of the Freeman Affidavit, which she submitted as

an attachment to her motion to stay. Accordingly, the Court will convert Defendant's motion to dismiss into a motion for summary judgment to the extent necessary to consider this fact in the record outside of the pleadings. Based on the December 14, 2011 date on which Plaintiff had knowledge of the allegedly defamatory publication, Plaintiff's claim of defamation is time-barred. For the same reasons discussed above, Plaintiff's defamation claim was not interrupted by the filing of the original Complaint and does not "relate back" to the allegations in the original Complaint.

For the foregoing reasons, the Court concludes that Plaintiff's defamation claim against Dr. Freeman is time-barred, and must therefore be dismissed. Because the defamation claim against Dr. Freeman is time-barred, the Court need not reach the issue of whether Dr. Freeman is entitled to absolute immunity from the defamation claim.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that Defendant Joseph Freeman's **Motion to Dismiss Counts Two and Three of First Amended Complaint (Doc. 56)** is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's malicious prosecution and defamation claims against Dr. Freeman are **DISMISSED WITH PREJUDICE**.

Baton Rouge, Louisiana, this _18th_ day of December, 2015.

**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

14